IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD JAMES JOHNSON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-3189-X-BT |
| | § | |
| 13TH DISTRICT COURT NAVARRO COUNTY, | § | |
| | § | |
| | § | |
| *Respondent*. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. (Doc. 7). Neither party filed objections. The District Court reviewed the proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. By separate judgment, the petitioner's case will be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability.[1] The Court adopts and incorporates by reference the magistrate

[1] *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (requiring state pretrial detainee challenging pending criminal charges to obtain a certificate of appealability following district court's denial of petition under 28 U.S.C. § 2241).

judge's findings, conclusions, and recommendation filed in this case in support of its finding that the Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."[2]

**IT IS SO ORDERED** this 20th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[2] *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).